Filed 9/9/21 P. v. Shallowhorn CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALFRED EUGENE SHALLOWHORN, Defendant and Appellant. | B311337 (Los Angeles County Super. Ct. No. TA034917-01) |

THE COURT:

Alfred Eugene Shallowhorn (defendant) appeals the trial court's denial of his motion for relief under Penal Code section

1170.95.[1]  Defendant's attorney filed a brief raising no issues and asked this court to independently review the record.  Defendant submitted a supplemental brief on his own behalf.  Having considered defendant's contentions of error and conducted our own examination of the record, we are satisfied that no arguable issue exists which would call into question defendant's ineligibility for resentencing relief under section 1170.95.  We accordingly affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

I.    **Facts**[2]

   A.    *The underlying crime*

On the evening of December 2, 1995, defendant met with other members of the Spooktown Crips, Acacia Block Crips, and Farm Dog Crips to discuss plans to shoot members of the Nutty Block Crips in retaliation for the shooting death earlier that afternoon of an acquaintance of theirs.  Around 8:00 p.m. that evening, defendant armed with an assault rifle and a cohort armed with a Tech-9 semiautomatic pistol drove to an area controlled by the Nutty Block Crips and shot three young people dead.

   B.    *Conviction and appeal*

In the operative complaint, the People charged defendant with three counts of first degree murder (§ 187, subd. (a)), and conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)).  As to the murder counts, the People further alleged the special circumstances allegation of multiple murders (§ 190.2, subd.

---

[1]    All further statutory references are to the Penal Code.
[2]    We largely draw these facts from our prior, unpublished opinion affirming defendant's conviction.  (*People v. Shallowhorn* (Aug. 29, 2001, B125654).)

(a)(3)) and firearm armed and use allegations (§§ 1203.06, subd. (a)(1); 12022, subd. (a)(1); 12022.5; and 12022.55).

The matter proceeded to a jury trial and the jury was instructed on the prosecution's theories. With respect to the murder charges, the trial court instructed the jury on the theories that defendant (1) "directly and actively [committed] the act constituting the crime" (CALJIC No. 3.00); (2) was a direct aider and abettor (CALJIC No. 3.01); and (3) perpetrated the murders "by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle" and defendant "specifically intended to inflict death." (CALJIC No. 8.25.1) The jury was also instructed on murder, malice, and the requirements for finding first degree willful, deliberate, and premeditated murder. The jurors *did not* receive CALJIC No. 3.02, regarding liability as an aider and abettor under the natural and probable consequences doctrine. With respect to liability as a coconspirator, the jury was instructed with CALJIC No. 6.11 in pertinent part: "Each member of a criminal conspiracy is liable for each act . . . if that act . . . is in furtherance of the object of the conspiracy [¶] . . . [¶] A member of a conspiracy is not only guilty of the particular crime that to his knowledge his confederates agreed to and did commit, but is also liable for the natural and probable consequences of any crime of a co-conspirator to further the object of the conspiracy, even though that crime was not intended as a part of the agreed upon objective."

The jury convicted defendant of all charges and found all allegations true. The trial court sentenced defendant to state prison for three consecutive sentences of life without the

possibility of parole for the three murder convictions, plus 33 years for the firearm enhancements.[3]

Defendant appealed his conviction but did not contest the sufficiency of the evidence to support the convictions. Specifically, he argued that (1) the conspiracy conviction must be reversed because there was ambiguity as to whether the conviction rested on legally sustainable or unsustainable overt acts; (2) the improper admission of hearsay statements violated his federal and state Constitutional rights to confrontation; and (3) there was instructional error with respect to out-of-court statements by police informants. We rejected defendant's arguments and affirmed the conviction in an unpublished opinion. (*People v. Shallowhorn, supra*, B125654.)

## II. Procedural Background

On December 17, 2020, defendant filed a petition seeking resentencing under section 1170.95. In the form petition, defendant checked the boxes to declare that (1) a complaint, information, or indictment was filed against him "that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he was "convicted of 1st . . . degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine" and (3) he "could not now be convicted of 1st . . . degree murder because" (a) he was "not the actual killer"; (b) he did not "aid, abet, . . . or assist the actual killer in the commission of

---

[3]   The jury could not reach a penalty verdict, so the trial court declared a mistrial on the penalty phase and the People waived a penalty retrial. As to the conspiracy count, the court sentenced defendant to 25 years to life, but stayed the sentence pursuant to Penal Code section 654.

4

murder in the first degree"; and (3) he "was not a major participant in the felony or did not act with reckless indifference to human life." Defendant did not check the box requesting appointment of counsel.

After reviewing the available case file including the relevant jury instructions, and this court's 2001 unpublished opinion, the trial court summarily denied defendant's petition in an order issued on January 13, 2021. The court found that defendant did not make a prima facie showing because "[t]he jury was not instructed on either the natural and probable consequences doctrine of vicarious liability or the felony murder doctrine" such that neither theory formed the basis for defendant's conviction. Instead, defendant was convicted as "both a direct aider and abettor and a perpetrator of the crimes."

On March 3, 2021, appellant filed a timely notice of appeal.

## DISCUSSION

Defendant's appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, indicating that her review of the entire record revealed no arguable issues to raise on appeal. Because defendant availed himself of his right to file a supplemental brief, we will address the arguments he raises. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040, review granted Oct. 14, 2020, S264278.) As explained below, these arguments are meritless, not properly before us, or both. Accordingly, we affirm.

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first

5

degree . . . murder," and (3) he "could not be convicted of first . . . degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).)

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court held that a person seeking relief under section 1170.95 is entitled to the appointment of counsel (if requested) upon the filing of a facially sufficient petition. (*Lewis*, at pp. 957-958.) If the defendant in his petition "makes a prima facie showing that he . . . is entitled to relief" under that section, the trial court "must hold a hearing 'to determine whether to vacate [his] murder conviction'" and to resentence him on any remaining counts. (*Id.*, citing § 1170.95, subds. (c) & (d).) The *Lewis* court held that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis*, at pp. 970-971.) The court nonetheless concluded that the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Id.* at pp. 957-958, 973-974.) On appeal, a petitioner "'whose petition is denied before an order to show cause issues has the burden of showing

6

"it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id.* at p. 974.)

Here, any error by the trial court in considering the record of conviction without first appointing counsel was harmless. As shown in the record of conviction, the jury was not instructed on a natural and probable consequences or felony-murder theory of liability. Therefore, defendant is ineligible for relief under section 1170.95 as a matter of law. (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835.)

In his supplemental brief, defendant raises three arguments. Only his first two arguments are properly before us, as they are the only ones pertaining to the order he appealed that denied him relief under Proposition 47.[4]

First, defendant argues that his murder conviction is somehow subject to being vacated under section 1170.95 because (1) the conspiracy instruction holds a defendant criminally liable for crimes the conspirators "agreed to and did commit" as well as unintended crimes which were the *natural and probable consequence* of the conspiracy; and (2) he and his coconspirators intended to kill rival gang members, not the innocent bystanders they *actually* killed, so his murder conviction possibly relies upon a natural and probable consequences theory of liability. We reject this argument for several reasons. Most notably, section 1170.95 is aimed at vacating murder convictions not based on a

---

[4]    Defendant's third argument attacks the sufficiency of the evidence, which is outside the scope of his appeal of the section 1170.95 order.

finding that the defendant himself acted with malice. (§ 188, subd. (a)(3); § 1170.95, subd. (a).) The three main theories of murder presented to the jury—that defendant was the actual killer, that he directly aided and abetted the actual killer, or that he engaged in a drive-by shooting with the intent to kill—each required a finding that defendant himself acted with malice. Even if we construe the conspiracy instruction as providing a fourth, implicit theory of murder, he was charged with conspiracy *to commit murder*, which the jury was instructed requires a finding of specific intent to kill. The fact that defendant and his cohorts, while acting with the intent to kill, killed the wrong people does not somehow mean that defendant did not personally act with malice as a factual matter *or* as a legal matter (because malicious intent is transferrable for the crime of murder (*People v. Bland* (2002) 28 Cal.4th 313, 327-328)). Contrary to what defendant seems to suggest, the fact that the words "natural and probable consequence" appear in *some* jury instruction does not mean that a defendant's murder convictions were based on theories not requiring malice aforethought. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939 [rejecting the argument that the words "natural and probable consequences" appearing in the definition of implied malice means that defendant did not personally act with malice].)

Second, defendant contends that "a finding of malice cannot be implied from the conspiracy conviction" or from the "firearm use finding." We reject this contention because, for the reasons noted above, the jury had to find that defendant himself acted with malice (whether express or implied) before it could convict him of any of the theories of murder presented to them.

8

Having considered defendant's contentions of error and conducted our own examination of the record, we are satisfied that no arguable issue exists which would call into question defendant's ineligibility for resentencing relief under section 1170.95.

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P.J.,          ASHMANN-GERST, J.,          HOFFSTADT, J.

9